UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEJAMIN MATOS ALVAREZ
and SAMUEL MATOS,

    Plaintiff,                          CASE NO.:

vs.

JCR-WESLEY CHAPEL, LLC d/b/a
WESLEY CHAPEL NISSAN, a
Florida Limited Liability Company,
WESLEY CHAPEL N
AUTOMOTIVE MANAGEMENT,
LLC, a Florida Limited Liability
Company and JESUS A. ROSARIO,
Individually

    Defendants.               /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs, BENJAMIN MATOS ALVAREZ ("B. MATOS") and SAMUEL MATOS ("S. MATOS" or collectively herein called "Plaintiffs") were employees of Defendants, JCR-WESLEY CHAPEL, LLC d/b/a WESLEY CHAPEL NISSAN, ("JCR") WESLEY CHAPEL N AUTOMOTIVE MANAGEMENT, LLC, ("WESLEY") and JESUS A. ROSARIO ("ROSARIO" or collectively herein called "Defendants") and bring this action for unpaid overtime compensation, unpaid minimum wages, liquidated damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION AND VENUE

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated

1

damages and reasonable attorney's fees and costs.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

3. At all times material hereto, Plaintiffs, were residents of Hillsborough County, Florida.

4. Defendants, conduct business in, Pinellas County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

5. Defendant, NISSAN and WESLEY, Florida Limited Liability Companies, are in the business of operating a car dealership located at 28519 FL-54, Wesley Chapel, Florida 33543.

6. At all times relevant to this action, ROSARIO was an individual resident of the State of Florida, who owned and operated JCR-WESLEY CHAPEL, LLC d/b/a WESLEY CHAPEL NISSAN and who regularly exercised the authority to: (a) hire and fire employees of JCR; (b) determine the work schedules for the employees of JCR, and (c) control the finances and operations of JCR. By virtue of having regularly exercised that authority on behalf of JCR, ROSARIO is/was an employer as defined 29 U.S.C. § 201, et seq.

7. Plaintiff, B. MATOS was employed by Defendants as a non-exempt employee from on or around July 2016 through May 28, 2019.

8. Plaintiff, S. MATOS was employed by Defendants as a non-exempt employee from on or around July 2017 through March 2018.

## COVERAGE

9. At all material times, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

10. At all material times, Defendants were an employer as defined by 29 U.S.C. § 203(d).

11. At all material times, Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or
   b. Engaged in the production of goods for commerce; or
   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. cars, parts, computers, and/or office supplies).

13. Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

14. Additionally, Plaintiffs are individually covered under the FLSA.

## GENERAL ALLEGATIONS

15. Defendants, JCR and WESLEY, are companies classified as a car dealership.

16. At all material times, Defendants JCR and WESLEY, performed related activities as each sell cars and/or provide services related to automobiles.

17. Together, Defendants JCR and WESLEY, control and supervise their employees and

3

also have the power to determine their rates of pay and hire/fire them.

18. Defendants were an "employer" of Plaintiffs within the meaning of the FLSA.

19. Plaintiffs were employees of Defendants within the meaning of the FLSA.

20. Plaintiffs performed automotive detailing/cleaning duties for Defendants.

21. Plaintiff, B. MATOS worked in this capacity from approximately July 2016 through May 28, 2019.

22. Plaintiff, B. MATOS was paid a piece rate per car detailed in exchange for the worked performed regardless of the number of hours worked by him.

23. Plaintiff, S. MATOS worked in this capacity from approximately July 2017 through March 2018.

24. Plaintiff, S. MATOS was paid a piece rate per car detailed in exchange for the worked performed regardless of the number of hours worked by him.

25. Regardless of the number of hours worked by Plaintiffs in a given workweek, Defendants only compensated Plaintiffs at the agreed piece rate per car detailed which failed to compensate Plaintiffs at least the statutory minimum wage per hour worked and/or time and one-half compensation for all hours worked in excess of forty (40) per week.

26. Despite working more than forty (40) hours per week during one or more work weeks, Defendants failed to pay Plaintiffs at least the statutory minimum wage for all hours worked.

27. Despite working more than forty (40) hours per week during one or more work weeks, Defendants failed to pay Plaintiffs overtime compensation at a rate of time and one-half times her regular rate of pay for hours worked over forty (40) in a workweek.

28. Defendants were aware of the hours worked by Plaintiffs.

29. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime and minimum wage compensation to Plaintiffs.

30. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

31. Defendants have acted willfully in failing to pay Plaintiffs in accordance with the law.

32. Defendants failed to maintain proper time records as mandated by law.

33. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

34. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-30 above.

35. Plaintiffs were entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) per workweek.

36. From on or July 2016 through May 28, 2019 during his employment with Defendants as an automotive detailer, Plaintiff, B. MATOS worked overtime hours without receiving time and one-half compensation for same during one or more workweeks contrary to the FLSA.

37. From on or July 2017 through March 2018 during his employment with Defendants as an automotive detailer, Plaintiff, S. MATOS worked overtime hours without

receiving time and one-half compensation for same during one or more workweeks contrary to the FLSA.

38. Plaintiffs should have earned time and one-half compensation for each hour worked in excess of forty (40) hours per workweek.

39. Defendants had knowledge of the overtime hours worked by Plaintiffs.

40. Defendants were aware of the laws which require its employees be paid overtime compensation on a week by week basis.

41. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

42. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff their proper overtime wages during one or more workweeks, Plaintiffs have suffered damages, plus incurring reasonable attorneys' fees and costs.

43. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

44. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants;

    a. Awarding Plaintiffs overtime compensation in the amount due to them for the time worked in excess of forty (40) hours per workweek;

    b. Awarding Plaintiffs liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

    c. Awarding reasonable attorney's fees and costs and expenses of the litigation

pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## COUNT II – FLSA RECOVERY OF MINIMUM WAGES

45. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-30 above.

46. Plaintiffs were entitled to earn the statutory minimum wage rate for all hours worked per week while employed as non-exempt employees for Defendants.

47. Plaintiffs are entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during their employment with Defendants pursuant to 207(a) of the FLSA.

48. Plaintiffs are entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during their employment with Defendants pursuant to 29 C.F.R. 778.5.

49. Defendants failed to compensate Plaintiffs at the applicable statutory minimum wage rate for all hours worked per week during one or more workweeks from on or around July 2016 through May 2018, while Plaintiffs were employed by Defendants as automotive detailers.

50. Defendants were aware of the laws which required that its employees be paid at least the statutory minimum wage for all hours worked per workweek.

51. Despite its knowledge of these laws, Defendants violated the FLSA's provision on minimum wages (29 U.S.C. §206).

52. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

53. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiffs their proper minimum wages during one or more workweeks, Plaintiffs have suffered damages, plus incurring reasonable attorneys' fees and costs.

54. As a result of Defendants' willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

55. Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants;

    a. Awarding Plaintiffs their unpaid minimum wages;

    b. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

    c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    d. Ordering any other further relief the Court deems just and proper.

**COUNT III – VIOLATION OF FLORIDA MINIMUM WAGE ACT- 448. 110**

56. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-30 above.

57. Under the Florida Minimum Wage Act, Plaintiffs were entitled to be paid the applicable minimum wage for each hour worked by them for Defendants.

58. Defendants only compensated Plaintiffs a piece rate per car detailed, regardless of the number of hours worked by Plaintiffs.

59. This pay policy/practice caused Plaintiffs' wages to fall below the statutory minimum wage during one or more workweeks.

60. Because of this policy, Defendants violated the Florida Constitution's minimum wage provision.

61. Defendants' willfully failed to pay Plaintiff the minimum wage during one or more work weeks during the subject period of work contrary to Article X, Section 24 of the Florida Constitution.

62. As a direct and proximate result of Defendants' deliberate nonpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for the subject weeks that they worked for the Defendants.

63. As a result of Defendants' willful violation of the Florida Constitution, Plaintiffs are entitled to liquidated damages and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against Defendants;

 a. Awarding Plaintiffs their unpaid minimum wages as allowable under the Florida Constitution's statute of limitations period;

 b. Awarding Plaintiffs liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

 c. Awarding reasonable attorney's fees and costs and expenses of the litigation; and

 d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: January 12, 2021                    Respectfully submitted by,


                                           **/s/ Gregory R. Schmitz**
                                           GREGORY R. SCHMITZ, ESQ.
                                           Florida Bar No.:  0094694
                                           20 North Orange Avenue, Suite 1400
                                           Orlando, Florida 32801
                                           Telephone:  (407) 204-2170
                                           Facsimile:  (407) 245-3401
                                           E-mail: gschmitz@forthepeople.com
                                                        mbarreiro@forthepeople.com
                                                   ***Attorney for Plaintiffs***